IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| VICTOR VELAZQUEZ, | NO. LACL137596 |
|---|---|
| Plaintiff, | |
| vs. | |
| ESTES EXPRESS LINES, INC., | PETITION AND JURY DEMAND |
| Defendant. | |

COMES NOW the Plaintiff, and for his cause of action states the following:

## INTRODUCTION

1. This is an action under the Iowa Civil Rights Act, the Family and Medical Leave Act, and the Americans with Disabilities Act, challenging Defendant's disability discrimination and retaliation against Plaintiff.

2. Plaintiff Victor Velazquez is a resident of Polk County, Iowa.

3. Defendant Estes Express Lines, Inc. is a Virginia corporation doing business in Polk County, Iowa.

## PROCEDURAL REQUIREMENTS

4. On December 28, 2015, within 300 days of the acts of which he complains, Plaintiff filed charges of employment discrimination against Defendant with the Iowa Civil Rights Commission.

5. On January 11, 2017, less than 90 days prior to the filing of this Petition, the Iowa Civil Rights Commission issued an Administrative Release with respect to Plaintiff's charges.



1

## FACTUAL BACKGROUND

6. Victor Velazquez was hired by Terminal Manager Mitch Sieberling on approximately September 30, 2013, as a full-time forklift driver.

7. On approximately September 5, 2015, Victor injured his shoulder at his home.

8. Victor was next scheduled to work on September 8, at midnight.

9. At the end of his shift on September 8, Victor told Supervisor Jeff Larmore about his shoulder pain and how he had injured his shoulder.

10. Later that evening, Victor called Supervisor Josh Andrews and asked him to tell Mr. Larmore that he could not work on September 9, because of his shoulder.

11. On the evening of September 8, Victor saw his doctor and his doctor released him from work through September 12.

12. On September 9, Defendant received Plaintiff's doctor's note releasing him from work through September 12.

13. By September 13, Victor's shoulder was not getting any better and was still causing him intense pain.

14. Victor sent a text message to Mr. Larmore at approximately 3:05 p.m. on September 13, stating that he was going back to the hospital because of his shoulder and could not work on September 14.

15. Mr. Larmore responded via text message at 6:33 p.m. and asked Victor about his hospital visit.

16. Victor replied that his doctor wanted him to see an orthopedic doctor and he would be off work until September 21.

17. On September 14, Defendant received Plaintiff's doctor's note releasing him from work through September 21.

18. On September 15, Mr. Larmore sent Victor a text message stating that Victor needed a doctor's note and that Victor should call in.

19. As Victor had already delivered his doctor's note, he did not reply to Mr. Larmore's text message.

20. On September 16, Mr. Sieberling left Victor a voicemail message asking Victor to call him.

21. Victor immediately returned Mr. Sieberling's call.

22. Mr. Sieberling asked why Victor had not called him the day before.

23. Victor explained that he had already delivered all his doctor's notes and was unaware of any policy that required that he call in each day when on an approved medical leave.

24. Mr. Sieberling then told Victor "Well, HR determined termination."

25. Plaintiff was ultimately diagnosed with a left shoulder labral/rotator cuff tear.

26. Mitch Sieberling was an employee and agent of Defendant, acting at all material times in the scope of his employment and agency.

27. Jeff Larmore was an employee and agent of Defendant, acting at all material times in the scope of his employment and agency.

28. Sandy Berry was an employee and agent of Defendant, acting at all material times in the scope of her employment and agency.

29. Josh Andrews was an employee and agent of Defendant, acting at all material times in the scope of her employment and agency.

### COUNT I
### VIOLATION OF THE IOWA CIVIL RIGHTS ACT
### DISABILITY DISCRIMINATION & RETALIATION

30. Plaintiff repleads paragraphs 1 through 29 as if fully set forth herein.

31. Plaintiff was disabled within the meaning of the Iowa Civil Rights Act.

32. Plaintiff's shoulder injury substantially interfered with his ability to perform manual tasks, to sleep, to reach, to lift, and to bend.

33. Plaintiff's shoulder injury also substantially interfered with the normal functioning of his musculoskeletal system.

34. Plaintiff was able to perform the essential functions of his job with or without reasonable accommodation.

35. Defendant discriminated against Plaintiff with respect to his employment in violation of the Iowa Civil Rights Act.

36. Plaintiff's disability was a motivating factor in Defendant's actions.

37. Plaintiff requested reasonable accommodations for his disability.

38. Defendant failed to engage in good faith in an interactive process with Plaintiff to determine how best to accommodate his disability.

39. Defendant failed to accommodate Plaintiff's disability in violation of the ICRA.

40. Defendant retaliated against Plaintiff and fired him.

41. Plaintiff's requests for reasonable accommodation were a motivating factor in Defendant's decision to fire him.

42. As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including, but not limited to mental and emotional distress; humiliation; stress, a sense of accomplishment, lost enjoyment of life; lost wages; benefits; and other emoluments of employment.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate him for his injuries and damages; for lost and future wages; for appropriate equitable relief, an injunction prohibiting Defendant from continuing to engage in disability discrimination, and an order requiring Defendant to adopt and enforce policies and

procedures to guarantee equal employment opportunities to disabled individuals; for prejudgment and postjudgment interest; for attorney's fees; for the costs and expenses of this action; and for such other relief as may be just in the circumstances and consistent with the purpose of the Iowa Civil Rights Act.

## COUNT II
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## DISCRIMINATION & RETALIATION

43. Plaintiff repleads paragraphs 1 through 42 as if fully set forth herein.

44. Defendant is and was at all times material an "employer" within the meaning of the ADA.

45. Plaintiff was disabled within the meaning of the ADA.

46. Plaintiff was able to perform the essential functions of his job with or without reasonable accommodation.

47. Defendant failed to accommodate Plaintiff's disability in violation of the ADA.

48. Defendant failed to engage in good faith in the interactive process with Plaintiff to assist in accommodating his disability in violation of the ADA.

49. Defendants discriminated against Plaintiff.

50. Plaintiff's disability was a motivating factor in Defendant's discrimination against him.

51. Plaintiff requested reasonable accommodations for his disability.

52. Defendant retaliated against Plaintiff and fired him

53. Plaintiff's requests for reasonable accommodation were a motivating factor in Defendant's decision to fire him.

54. Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

55. As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including but not limited to mental and emotional distress; humiliation; fear; embarrassment; stress; lost enjoyment of life; medical expenses; lost wages, benefits, and other emoluments of employment.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate him for his injuries and damages, for appropriate equitable relief and injunctive relief including but not limited to an order enjoining Defendant from further violations of the ADA, for punitive damages in an amount sufficient to punish Defendant and to deter it and others from committing similar conduct in the future, for prejudgment and postjudgment interest, for attorney fees, for the costs and expenses of this action, and for such other relief as may be just in the circumstances and consistent with the purposes of the ADA.

## COUNT III
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

56. Plaintiff repleads paragraphs 1 through 55 as if fully set forth herein.

57. At all times material to this case, Defendant was an "employer" within the meaning of the Family Medical Leave Act.

58. At all times material to this case, Plaintiff was an "eligible employee" within the meaning of the Family Medical Leave Act.

59. Plaintiff was entitled to under the FMLA

60. Plaintiff invoked his right to leave under the FMLA.

61. Defendant failed to provide Plaintiff with the protected leave that the FMLA requires.

62. Defendant interfered with Plaintiff's right to take leave under the FMLA.

63. Defendants discriminated against Plaintiff and fired Plaintiff for exercising his rights under the FMLA.

64.     As a result of Defendant's illegal acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including but not limited to lost wages, benefits, future earnings, and other emoluments of employment.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate him for his injuries and damages, for liquidated damages, for prejudgment and post-judgment interest, for attorneys' fees, for the costs and expenses of this action, for equitable relief and injunctive relief including by not limited to a Court order enjoining Defendants from further violations of the Family Medical Leave Act, and for such other relief as may be just in the circumstances and consistent with the purpose of the Family Medical Leave Act.

## JURY DEMAND

COMES NOW the Plaintiff and hereby requests a trial by jury.

/s/ David Albrecht
FIEDLER & TIMMER, P.L.L.C.
Emily McCarty AT0010147
emily@employmentlawiowa.com
David Albrecht AT0012635
david@employmentlawiowa.com
8831 Windsor Parkway
Johnston, IA 50131
Telephone:  515-254-1999
Facsimile:  515-254-9923
ATTORNEYS FOR PLAINTIFF